**LOWENSTEIN SANDLER LLP**
JEFFREY D. PROL (admitted *pro hac vice*)
jprol@lowenstein.com
MICHAEL KAPLAN (admitted *pro hac vice*)
mkaplan@lowenstein.com
BRENT WEISENBERG (admitted *pro hac vice*)
bweisenberg@lowenstein.com
COLLEEN M. RESTEL (admitted *pro hac vice*)
crestel@lowenstein.com
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
tkeller@kbkllp.com
JANE KIM (Cal. Bar No. 298192)
jkim@kbkllp.com
GABRIELLE L. ALBERT (Cal. Bar No. 190895)
galbert@kbkllp.com
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *In re:* <br><br> THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole, <br><br> Debtor. <br> ------------------------------------------------ <br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE ROMAN CATHOLIC BISHOP OF OAKLAND, <br><br> Plaintiff, <br><br> v. <br><br> THE ROMAN CATHOLIC BISHOP OF OAKLAND, ADVENTUS, THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND, AND THE ROMAN CATHOLIC CEMETERIES OF THE DIOCESE OF OAKLAND, <br><br> Defendants. | Case No. 23-40523 WJL <br><br> Chapter 11 <br><br> Adv. Pro. 24-04053 <br><br> **MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR RECONSIDERATION OF THE ORDER DISMISSING FIRST AMENDED ADVERSARY COMPLAINT** <br><br> Date: September 10, 2025 <br> Time: 10:30 a.m. (Pacific Time) <br> Place: United States Bankruptcy Court <br>  1300 Clay Street, Ctrm. 220 <br>  Oakland, CA 94612 <br><br> **Objection Deadline: August 27, 2025** |

The Official Committee of Unsecured Creditors (the "**Committee**") of The Roman Catholic Bishop of Oakland files this motion (this "**Motion**") for reconsideration of the *Order Dismissing First Amended Adversary Complaint* [Dkt. No. 55], which incorporates the Court's July 16, 2025 oral ruling (the "**Oral Ruling**"[1] and, together with the *Order Dismissing First Amended Adversary Complaint*, the "**Order**") and for entry of the order substantially in the form attached hereto as **Exhibit A** pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (the "**Federal Rules**") applicable in the above-captioned adversary proceeding (the "**Adversary Proceeding**") pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), respectively. In support of this Motion, the Committee states as follows:

## PRELIMINARY STATEMENT[2]

The Adversary Proceeding was filed to (i) prevent the Debtor and its subparts from shielding assets which should equitably be available to pay creditors, and (ii) resolve a dispute regarding the ownership of certain funds titled to and controlled by the Debtor. Although the Committee believes it pled facts which, when taken as true and with reasonable inferences viewed in the Committee's favor, stated causes of action which should survive a motion to dismiss under applicable law, the Court dismissed the Complaint with prejudice.

Dismissal with prejudice is an extreme remedy, depriving the Committee an opportunity to replead its claims in the future as more information that bolsters the Committee's position comes to light. New facts have already been discovered since the Motions to Dismiss were heard, including statements from Adventus that, *inter alia*, it has no employees, directors, or officers; that its only purpose is to hold real estate for the Debtor; and that it negotiated with the Debtor—with the same individuals on both sides of the transaction—to transfer the Livermore property to the Debtor because doing so would benefit the Debtor (and only the Debtor). As such, reconsideration

---

[1] The Oral Ruling is attached as Exhibit A to the *Declaration of Michael A. Kaplan in Support of the Motion of the Official Committee of Unsecured Creditors for Reconsideration of the Order Dismissing First Amended Adversary Complaint* (the "**Kaplan Decl.**").

[2] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed herein.

of dismissal with prejudice is appropriate.

**JURISDICTION AND BASIS FOR RELIEF REQUESTED**

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order No. 24 (N.D. Cal.), and Bankruptcy Local Rule for the United States District Court for the Northen District of California 5011-1(a). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The legal basis for the relief requested herein are Federal Rules 59(e) and 60(b), made applicable by Bankruptcy Rules 9023 and 9024, respectively.

**RELEVANT FACTUAL BACKGROUND**

On May 6, 2025, the Committee filed the *First Amended Adversary Complaint* [Dkt. No. 32] (the "**Complaint**").[3] The Debtor and Non-Debtor Affiliated Entities filed motions to dismiss the Complaint on May 23, 2025 (together the "**Motions to Dismiss**"), and the Court held a hearing on the Motions to Dismiss on June 4, 2025.

On July 16, 2025, the Court issued the Oral Ruling dismissing the Complaint. After the conclusion of the Court's Oral Ruling, counsel to the Debtor requested clarification as to whether the dismissal was with prejudice. Initially unsure, the Court responded, "I believe it is." [Oral Ruling at 147:2.] The Court then elaborated: "My sense of the - - including the dialog that we had last time with the committee is that they were prepared to provide everything that they had by way of factual background and support in this complaint, and I'm going to take them at their word." [*Id.* at 147:2–6.] The Order reflects dismissal with prejudice.

Since the Complaint was filed and the hearing on the Motions to Dismiss, fact discovery in connection with confirmation of the Debtor's proposed plan of reorganization continued, revealing additional facts that the Committee could have relied on in its Complaint, and could have made the Court aware of, if those facts had been known at the time.

---

[3] Capitalized terms not defined herein shall have the meanings ascribed in the Complaint.

## ARGUMENT

Federal Rules 59(e) and 60(b), made applicable pursuant to Bankruptcy Rules 9023 and 9024, respectively, provide that the Court may alter, amend, or relieve a party from a final order. Fed. R. Civ. P. 59(e), 60(b); Fed. R. Bankr. P. 9023, 9024. When evaluating a motion for reconsideration under Federal Rule 59, the Ninth Circuit generally considers the following factors: (1) the need to correct manifest errors of law or fact upon which the judgment or order rests; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Federal Rule 60(b) enumerates several grounds for relief from a final order, including, as relevant to this Motion, mistake and a catchall for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Although Federal Rules 59 and 60 impose distinct requirements and time limits, the Ninth Circuit has recognized that Federal Rules 59(e) and 60(b) are not mutually exclusive and may be applied with flexibility, generally applying the same legal analysis regardless of the Federal Rule it relies on. *See, e.g.*, *Leonard v. Diaz*, No. 1:22-CV-00381-KES-GSA, 2025 WL 1159063, at *2 (E.D. Cal. Apr. 21, 2025) (noting that when the period for filing a motion for under Federal Rule 59(e) has expired, a court may construe the motion as a Federal Rule 60(b) motion for relief from judgement or an order (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001))).

Federal Rules 59(e) and 60(b) function in tandem with the equitable powers conferred by 11 U.S.C. § 105(a), which authorizes bankruptcy courts to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *See In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007). As the Ninth Circuit has recognized, a motion for reconsideration brought under Federal Rule 59(e) or 60(b) "compl[e]ments the discretionary power that bankruptcy courts have as courts of equity 'to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders.'" *See id.* (quoting *In re Lenox*, 902 F.2d 737, 740 (9th Cir. 1990)).

Federal Rule 60(b)(1) permits a party to seek relief based on "mistake," including a legal

or factual error made by the court. *See generally Kemp v. United States*, 596 U.S. 528 (2022). Similarly, a motion for reconsideration may be granted as an equitable remedy where, as here, doing so would prevent manifest injustice. "When a proceeding has been tried to the court as opposed to a jury, the court has broad discretion in deciding whether to grant or deny such motions." *In re Turner*, 345 B.R. 674, 676 (Bankr. N.D. Cal. 2006), *aff'd*, No. 02-44874, 2007 WL 7238117 (B.A.P. 9th Cir. Sept. 18, 2007).

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (noting that "[a] district court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion").

The Court did not find that the Complaint could not be saved by amendment, but instead noted that the Committee "provide[d] everything that they had by way of factual background and support in this complaint." [Oral Ruling at 147:4–5.] Although the Complaint set forth the facts known to the Committee *at the time*, discovery is ongoing, and the Committee continues to learn new facts and information which may provide further support for its claims.

For example, on June 5, 2025 (after the hearing on the Motions to Dismiss), the Committee deposed Attila Bardos, CFO of the Debtor, and ex-officio board member of Adventus (the "**Bardos/Adventus Deposition**").[4] During the Bardos/Adventus Deposition, where Mr. Bardos— despite being the corporate designee for the Debtor,[5] OPF,[6] and Adventus,[7] and the CFO of the

---

[4] A transcript of the relevant portions of the Bardos/Adventus Deposition is attached to the Kaplan Decl. as Exhibit B.

[5] The Committee subsequently deposed Attila Bardos as designee for the Debtor (the "**Bardos/Debtor Deposition**"). A transcript of the relevant portions of the Bardos/Debtor Deposition is attached to the Kaplan Decl. as Exhibit C.

[6] [Bardos/Adventus Dep. at 12:25–13:6.]

[7] [*Id.* at 12:25–13:6.]

Debtor[8]—testified as corporate representative of Adventus,[9] the Committee discovered, for the first time, additional facts that bolster the Committee's position that Adventus should be substantively consolidated with the Debtor—and would have been included in the Complaint if they had been known to the Committee at the time—including:

- Adventus is a real estate holding company that has no other purpose than to hold real estate for the Debtor. [Bardos/Adventus Dep. at 91:2–12.]
- Adventus has no employees. [*Id.* at 92:11–12.]
- Adventus has no directors or executive officers. [*Id.* at 92:24–93:12.]
- Mr. Bardos believes the only other board member of Adventus (although he could not definitively recall whether Adventus has any other board members or their identities) is Father Lawrence D'Anjou, the vicar general of the Debtor. [*Id.* at 92:18–23.]
- Adventus's proposed contribution of its Livermore property to compensate Survivors in the Debtor's previously proposed plan of reorganization—which was necessarily negotiated between the Debtor and either Mr. Bardos or Father D'Anjou (as the only possible representatives of Adventus and who are also the CFO and vicar general of the Debtor, respectively)—would benefit *Adventus* by helping *the Debtor* get to a settlement faster. [*Id.* at 114:23–115:10.]

As the Committee continues to discover additional facts, equity dictates that it be permitted the opportunity to replead its counts to include such critical facts if and when the Committee learns them. Permanently barring the Committee from pursuing its claims is inequitable at this juncture, and therefore the dismissal of the Complaint *with prejudice* should be reconsidered to correct this mistake and/or clear error and to prevent manifest injustice.

/ / /

/ / /

---

[8] [*Id.* at 21:7.]

[9] [*Id.* at 86:21–24.]

WHEREFORE, The Committee respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit A**, (i) granting the Motion; (ii) amending and/or providing relief from the Order to provide that dismissal is without prejudice, and (iii) granting any such other or further relief as the Court deems just and proper.

Dated: August 8, 2025

**KELLER BENVENUTTI KIM LLP**
**LOWENSTEIN SANDLER LLP**

By: */s/ Gabrielle L. Albert*
Gabrielle L. Albert

*Counsel for the Official Committee of Unsecured Creditors*